## Case No. 4,299.

### EDWARDS v. The SUSAN.

[1 Pet. Adm. 165.] [1]

District Court, D. Pennsylvania. 1795.

[1] [Reported by Richard Peters, Jr., Esq.]

COURT. It has been a frequent subject of dispute, in this court, sometimes originating in animosity and desire to delay, possibly provoked by some improper conduct of the mariners, but most commonly as it affected costs. at what time a suit can legally be commenced, for wages due at the expiration of the voyage. The controversy always turned upon the construction of the 6th section of the "Act for the government and regulation of seamen." 1 Laws U. S. p. 137 [1 Stat. 133]. I confess, that it has appeared to me unwarrantable, to contend that the ten days should run from the time of the discharge of the cargo. All laws should receive a construction according to justice, and the principles on which they are predicated. "Qui haeret in littera, haeret in cortice." The end of the voyage is clearly, in my opinion, the period when the wages, according to the contract, are due. The discharge of the cargo or ballast, is coupled with the end of the voyage in the law, not as part of the contract, or to fix the time, from whence the ten days are to be computed, but because it is a necessary step to enable the merchant to demand his freight; and the wages ought not to be paid, until this is recoverable, it being the fund, out of which the wages are payable. There cannot be two periods, from which one term of ten days must run. This would be absurd and impossible. It cannot be from the end of the voyage, "and" the discharge of the cargo, which must, of course, be after the end of the voyage. An obscurity in terms is therefore involved, which fully justifies a discretionary interpretation. A reasonable time for the collection of freight should be given. The merchant should also have the opportunity afforded of examining the whole cargo, to see whether embezzlement, or damage chargeable on wages, has occurred. In most cases, ten days after the end of the voyage are sufficient to unlade and collect freight. But it sometimes happens, that where the cargo consists of a great variety of packages, or articles. belonging to a great number of owners, the custom house officers cannot grant permits, within that time. When a number of dry-good ships, added to others, cause a press of business at the custom house, I have perceived the impracticability of delivering the permits, in the time in which, on common occasions, they are issued. Under the latitude given in the words of the section, I have considered myself authorized to enquire into, and decide according to circumstances peculiar to the case. To allow an unreasonable time for discharge, would be as unjust, as it respects the mariner, as it would be to compel the merchant, prematurely to pay. Coals, salt, &c. are frequently retained on board, for a long time; and "ballast" is not always discharged. On the contrary, it sometimes remains on board for more than one voyage. Exercising therefore a discretion, according to circumstances, I have given more or less time, as the evidence justified me. To fix on the time of discharge would be difficult, uncertain, and often unjust. It depends on the industry, the inclination, or the interest of the owner. whether the discharge be accelerated, or unreasonably retarded. I have allowed, at the least, ten days from the end of the voyage; and at the most, fifteen working days to unlade. The latter period is given, in the collection law. for this purpose; after the time in which the master is bound to report. Although it has been contended that ten days even after this period, should be allowed, I have not thought it just to extend the interpretation, to a length appearing so unreasonable. It is too great a hardship on seamen, and very injurious to commerce, to delay the payment of wages, and thereby reduce the mariner to distress, as well as prevent his employment in other service. Or, if he is forced by necessity to enter into other employment, it may be at the price of abandoning, or selling for a trifle, the earnings of a precedent voyage. The law was enacted to do justice, and not to impose unnecessary hardships by granting unreasonable indulgences. Although all the freight may not be collected within the ten or fifteen days, it can scarcely ever happen that a sufficient sum is not received, in that time. to discharge the demands of the crew.

In the case before me, I allow fifteen working days, from the end of the voyage: that is, from the day on which the vessel was made fast to the wharf, and ready to discharge.